action; that the business had been continued by the survivors a great length of time, and new enterprises had been engaged in with the property of the old firm; that as the survivors being in a sense trustees for the estate of Joseph had wrongfully commingled the funds of the old firm with other enterprises in which they were interested, either as stockholders or personally, they should be held to a rigid rule of accountability, and from all the evidence it was apparent that their accounting was not reliable, and that the claims set forth in the complaint were established. The plaintiff contends that the nominal value of the property in the inventory should be charged upon the defendants as they had not by proper explanatory evidence shown that the actual value of the property as stated by them in the inventory was the true value, and that the referee should have found with him upon this question as a matter of law. We cannot sustain this contention, as the referee had the right to consider the whole evidence as to the value of the inventoried property; he had the right to take into account all the proof as to the value of the interests of the old firm in the Plimpton elevator property which constituted the chief assets of that firm. Both sides gave proof as to the value of that elevator property; the tendency of the plaintiff's proof was that it was worth the nominal value stated in the inventory, while the defendants' proof, showing the use of the property and its value, brought the property down to a much lower valuation; besides, the plaintiff relies upon the account of the defendants to show the nominal value of this property and of the other properties of the old firm stated in the inventory. The defendants are also entitled to the benefit of their statement in the inventory as to its actual value in connection with the statement as to the nominal value, and from a review of the evidence we do not differ from the referee's conclusions as to the value of the property. The plaintiff seeks to charge the defendants with the amount of the consideration mentioned in the deed from the Plimpton Association to the Tift Fire Proof Elevator Company of $190,000, but in view of the fact that the company (the Plimpton Company) received nothing but shares of stock in the Tift Company at par value, and that this was not an individual transaction, but between an association and a corporation, and the property received by the corporation for the shares so issued to the Plimpton Association was of little if any value; this contention also falls. The plaintiff also contends that the point was well taken before the referee, that notwithstanding the accounting that had been insisted upon by him and obtained, the burden upon the trial of the stipulated issues still remained with the defendants, and that it was for them to show by further and more conclusive proof the good faith and propriety of their actions, and that nothing remained to the estate of Joseph in their hands. The plaintiff had waived by his stipulation all objections to the accounts of the defendants, except such questions of law as might arise. He had brought the defendants into court charged in the complaint with dereliction of duty as survivors with regard to the property of the old firm, and that there remained in the hands of the defendants property of the estate for which judgment should be given to the plaintiff. He had forced an accounting by the defendants, and he cannot now object that the order made by the referee for such accounting was irregular, or that it had not all the force of an order made by the court. While the burden was thrown upon the de-

fendants to make the account in a proper sense, still, when it was made, the burden shifted and fell upon the plaintiff to attack that account, and remained with him to the end to establish the cause of action set forth in his complaint. The referee was, therefore, right in his ruling upon this subject. The appellant concedes that the debts of the old company were the amount stated in the inventory, of nearly $400,000. There seems to be abundant evidence to sustain the conclusions of the referee, that the value of the assets of the old firm was about $131,000. This large difference against the the old firm of over $250,000, there seems to be but little question was made up out of the private means of the survivors. This bare statement would seem to put at rest any claim that Joseph N. Tift at the time of his death owned a farthing's interest in the property of the old firm. Charging him with this large deficit, it is not apparent from the evidence in this case how it was overcome by the subsequent management of the property of the old firm by the new, so as to leave anything for the plaintiff. It is true that, while the old firm might in fact have been insolvent at the time of the death of Joseph, if there were subsisting contracts or property out of which might spring in the future, if judiciously managed, profits that would wipe out the liabilities of the old concern and leave a balance, the plaintiff might share in that, but there is nothing in this case to justify such hopeful conclusions. Certain exceptions were taken by the plaintiff to the admission or rejection of evidence upon the trial. We do not deem it necessary to consider them here, as, even if they embraced the errors alleged by the plaintiff, they could not possibly have affected the result or averted the inevitable conclusions that the referee reached, and which we have reached from the papers before us, that, at the time of the death of Joseph, the old firm was hopelessly insolvent and there was nothing for the survivors of the firm to build upon, out of which to work any benefit to the plaintiff. The judgment should, therefore, be affirmed, but as it was proper for the plaintiff to bring this action and obtain the accounting, no costs should be imposed upon the plaintiff as administrator upon this appeal. Lewis, Bradley and Werner, JJ., concurred.

Lena M. Allen, Respondent, v. Nelson Miller and Others, Appellants. — Judgment affirmed, with costs.

Ann E. Maytham, Respondent, v. The Travelers' Insurance Company of Hartford, Conn., Appellant.— Judgment and order affirmed.

Lydia Cole, Appellant, v. Kate C. Brown and Others, Respondents.— Judgment affirmed, with costs. Werner, J., not sitting.

Mary G. Gilbert, Appellant, v. Levi Noble and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements.

Edward W. Hankins, Respondent, v. The New York, Lake Erie and Western Railroad Company, Appellant.— Judgment and order affirmed. Ward, J., not sitting.

Levy S. Davis, Respondent, v. The John T. Noye Manufacturing Company, Appellant.— Judgment affirmed.

Joseph Lefrois, Respondent, v. The County of Monroe, Appellant.— Order affirmed, with ten dollars costs and disbursements.

Charles Scholl, Respondent, v. The County of Monroe, Appellant.—Order affirmed, without costs.

Daniel J. Scholl, Respondent, v. The County of Monroe, Appellant.—Order affirmed, without costs.

The People of the State of New York ex rel. Harry T. Gale, Appellant, v. Edgar B. Jewett